Aron Steuer, J.
Petitioner is the principal of a public school. Respondents are the Teachers’ Retirement System. The comtroversy concerns the retirement credits earned by petitioner. Before going into the particular facts the general situation as to such credits must be appreciated. When a teacher receives a regular appointment and enters the retirement system, if he had previously taught as a substitute (or if he had prior service in some other department) the extent of that service is calculated on a per diem basis. After he becomes a regular teacher his service is calculated on a per annum basis. If the teacher did extra work such as night or summer school teaching, the question of whether this should be credited has undergone several changes of treatment and these mutations must be considered. They came about not as the result of statute or court decision hut by acquiescence of the Retirement System in the opinions of the corporation counsel and formulation of their rules in compliance with those opinions.
When first called upon for an opinion on June 3, 1919, the corporation counsel advised the system that not more than one year’s credit could he granted a teacher for any one calendar year. On March 1,1920 he changed his opinion and advised that extra credit for extra work could he allowed making possible a “ service year” in excess of a calendar year. On February *883 3, 1937 he gave an opinion reverting to his original view and that has been the gravamen of the system’s regulations to the present. However, in the February 3, 1937 opinion it was recognized that a retroactive interpretation might cause hardship and injustice to those who understood that they had been building up extra credits for the years 1920-1937. These extra credits were allowed. As no point is raised by either party as to the permissibility of this procedure, it will be taken that the opinions as adopted and implemented by the Eetirement System represents the law.
Pursuant to the opinions the Eetirement System made various regulations. Those pertinent are: (1) After January 1, 1921 extra credits were allowed if “ claimed by the teacher on a statement signed by his principal or immediate superior * * * and filed with the Eetirement Board within one year of the date on which the service was rendered. ” (2) Such claims if properly filed and authenticated should be allowed if filed prior to February 23, 1937.
The petitioner claims credit for extra services in teaching summers rendered in the years 1926-1931. To these he would be entitled to credit provided he complied with the regulations. He claims that his first request for credit for this service was made on September 21,1931. He also claims credit for teaching evenings from December 1, 1936 to June 1, 1937. This request was made on June 16,1937 and is plainly not allowable. Therefore, the events applicable to the first claim only will be set out and considered.
An examination of the documents reveals that what happened on September 21, 1931 was that the Eetirement System sent the petitioner what is called a “ Prior Service Work Sheet ” which purports to show the service rendered by a teacher prior to his joining the retirement plan and while he was a substitute or acting teacher. On that form which in this instance covered the period from September 1, 1925 to February 1, 1926, under the heading “ Special Service ” the Eetirement System had typed in 1 ‘ none claimed ’ ’ but the petitioner wrote in his claim for evening and summer teaching from 1926 to 1931. He returned this form on November 13,1931. The Eetirement System claims that on the receipt of this form it notified petitioner that his procedure was improper and sent him forms upon which the claims might be asserted. Petitioner claims he never received any such communication. It is quite unnecessary to decide whether or not he did. As to all of the claims except those for the years 1930 and 1931 they were not made within one year of the date on which the services were performed. And as to *884 those years (as well as the others) there was no verification by petitioner’s principal or immediate superior.
Petitioner might claim, though specifically he does not, that he was prevented from making1 a proper claim for the years 1930 and 1931 by the failure to provide him with the forms. But there does not appear to be any duty on the part of the system to seek out the petitioner. He never requested the forms and so no obligation to supply them was present.
Even assuming that upon notice that petitioner made such, a claim a duty ensued, the breach thereof was complete at the latest in 1932 when time to file expired. It is obvious that this proceeding is unavailing to correct a breach of duty so long passed.
Subsequent conferences, demands and refusals do not affect the situation or revive any rights.
The motion is denied.